IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

STEVEN HASTINGS
ADC #171672                                                                                    PLAINTIFF

v.                              No. 3:20-cv-160-DPM-JJV

ALEC J. WILBUR, Corrections Sergeant,
North Central Unit, *et al.*                                                              DEFENDANTS

ORDER

1. On *de novo* review, the Court partly adopts the Magistrate Judge's partial recommendation as supplemented, Doc. 304; overrules the ADC Defendants' objections, Doc. 315; overrules Hastings's objections, Doc. 316; and holds one issue in abeyance. FED. R. CIV. P. 72(b)(3).

Hastings argues that NC-20-299 was fully exhausted on the same day he filed his complaint in the consolidated case. But the complaint was deemed "filed" when Hastings mailed it—not when the Clerk received and docketed it. Doc. 2 at 9 in No. 3:20-cv-163-DPM-JJV; *Sulik v. Taney County, Missouri*, 316 F.3d 813, 815 (8th Cir. 2003), *rev'd on other grounds*, 393 F.3d 765 (8th Cir. 2005). The objection therefore fails.

Defendants' objections as to NC-20-348 and NC-20-135 are overruled. The Court agrees with the Magistrate Judge's conclusions.

Further, the Court agrees that NC-20-209 was properly exhausted, though for different reasons. Defendants are correct that the duplicate-grievance issue is moot because the prison ultimately gave Hastings a decision on the merits. The Court rejects Defendants' argument, though, that Hastings somehow failed to exhaust because the *prison* chose to construe his claim as one of retaliation in the abstract rather than one against Day.

The exhaustion issue in NC-20-371 is tangled. But the Court has a broader concern. False disciplinary claims generally aren't actionable under § 1983. There is at least one exception: a false disciplinary issued in retaliation for using the grievance process is actionable. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989). Hastings's claim here is that Wilbur made false statements in a disciplinary proceeding to cover up for wrongfully denying Hastings his medicine. The Court would appreciate a recommendation about whether that is an actionable claim under § 1983 and, if so, whether that type of claim was grievable under the ADC's policy. *Compare, e.g.*, Doc. 284-1 at 32. This slice of the motion for summary judgment is held in abeyance.

**2.** On *de novo* review, the Court partly adopts and partly declines the Magistrate Judge's partial recommendation, Doc. 305; sustains Defendant Brown's objections, Doc. 314; and overrules Hastings's objections, Doc. 316. FED. R. CIV. P. 72(b)(3).

Hastings argues that in NC-19-538, he mistakenly named Schubert rather than Wilson. But the exhaustion requirement is strict; and this mix-up doesn't fall within one of its limited exceptions. *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016). Further, although Hastings mentioned LPN Hall in NC-20-170, she was not the focus of the grievance. His objections therefore fail.

Brown's objections, *Doc. 314*, are sustained. The Court agrees that Brown was not the subject of grievance NC 20-371. In that grievance, Hastings alleges that Wilbur made false statements in disciplinary proceedings "to cover up his and LPN Kim Browns wrongful actions of denial of my medication at am pill call[.]" *Doc. 284-17 at 5*. But the grievance is about the cover-up — not about the underlying misconduct; and it doesn't allege that Brown made any false statements or otherwise participated in the cover-up. Thus, regardless of whether the grievance was properly rejected, the Court agrees that it didn't exhaust Hastings's claims against Brown.

3. Hastings's appeal, *Doc. 319*, is denied. Treatment records from almost three decades ago are too far afield from Hastings's claims about his mental-health care in the ADC. The Magistrate Judge didn't clearly err or misapply the law in denying Hastings's motion. FED. R. CIV. P. 72(a).

4. Hastings's appeal, *Doc. 322*, is denied as moot. The appeal was docketed in two cases; and the Court addressed it in Case No. 3:21-cv-

52-DPM-JTK. Hastings doesn't complain about Magistrate Judge Volpe's ruling in this case.

\* \* \*

Partial recommendation, *Doc. 304*, partly adopted as supplemented. Motion for summary judgment, *Doc. 284*, partly granted, partly denied, and partly held in abeyance. Defendants Wilson, Faust, Pierce, Queen, Ward, Green, and Bentley are dismissed without prejudice. Partial recommendation, *Doc. 305*, partly adopted and partly declined. Motion for partial summary judgment, *Doc. 280*, granted. Defendants Hall and Brown are dismissed without prejudice. Appeals, *Doc. 319 & 322*, denied.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

15 June 2021